IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-74-BO

DURAND EDWARD MILES,                        )
        Plaintiff,                        )
                                          )
v.                                          )
                                          )      O R D E R
CAROLYN W. COLVIN,                          )
*Acting Commissioner of Social Security*,   )
        Defendant.                        )
                                          )

Plaintiff's counsel has moved for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. [DE 28]. For the reasons stated herein, counsel's motion is GRANTED.

## DISCUSSION

The Equal Access to Justice Act provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).

Here, the Acting Commissioner does not dispute that plaintiff was the prevailing party, that the Commissioner's position in the underlying litigation was unjustified, or that plaintiff is procedurally eligible for EAJA fees, but rather focuses her objections to plaintiff's request solely on the amount of fees. As the Court finds no special circumstances or equitable issues that would preclude an award of EAJA fees, it cabins its consideration of plaintiff's motion to the amount of fees requested.

Plaintiff has requested EAJA fees and costs in the amount of $9,837.18 for 50.5 hours of work, which the Acting Commissioner contends is unreasonable and excessive. "Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (citation omitted). "Ideally, the litigants will settle the amount of a fee," but "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Id.* (internal quotation omitted). A court has great discretion to determine the fee award so long as the fee is reasonable. *Id.* at 254. In determining the amount of the fee, a court may consider: (1) "[t]he extent of a plaintiff's success," *Id.*; (2) the novelty and complexity of the issues presented, *Bunn v. Bowen*, 637 F.Supp. 464, 469 (E.D.N.C. 1986); (3) the experience and skill of the attorney, *Id.*; and (4) the typical range of compensated hours in a particular field. *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989 *4 (E.D.N.C. Feb. 8, 2008).

Here, plaintiff was quite successful as the Acting Commissioner recognized by agreeing to a remand of this action prior to filing of her own motion for judgment on the

2

pleadings, and plaintiff's counsel has demonstrated that she is an experienced attorney in the social security field. The Court has further reviewed the amount of time expended and the rates at which counsel has billed and finds them to be at bottom reasonable and not to result in a windfall to counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983); *see also Quade ex rel. Quade v. Barnhart*, 570 F. Supp.2d 1164, 1167-1168 (D. Ariz. 2008) (noting that the "Court will not micromanage an attorney's approach to a case" and finding appropriate for compensation time for telephone calls to the claimant and the clerk's office, reviewing court orders, reviewing summons, and duplicative research); *Attia v. Astrue*, No. 1:06-cv-00778-SMS, 2008 WL 2620376 *3 (E.D.Ca. July 3, 2008) (fifty-one hours reasonable where brief was lengthy, administrative record was lengthy, and counsel was experienced; time spent reviewing documents from administrative level pertaining to case also compensable under EAJA).

## CONCLUSION

For these reasons, plaintiff's motion for attorney's fees under EAJA is GRANTED and plaintiff's counsel is awarded fees in the amount of $9,034.19 and expenses in the amount of $802.99.

SO ORDERED.

This the 27 day of March, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3