IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-74-BO

| | |
|---|---|
| DURAND EDWARD MILES,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>Defendant. | **O R D E R** |

This cause comes before the Court on defendant's motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Plaintiff has responded and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is granted.

## DISCUSSION

By order entered March 28, 2014, this Court awarded plaintiff's counsel $9,034.19 in attorney's fees and expenses in the amount of $802.99 pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d)(1)(A). Rule 59(e) permits the court to alter or amend its judgment on motion of a party filed within twenty-eight days of the entry of judgment. Fed.R.Civ.P. 59(e). In order to succeed on a motion pursuant to Rule 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended. The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005).

Upon review of its order awarding attorney's fees, the Court finds that some hours included by plaintiff's counsel were not compensable under EAJA or were unreasonable. *See Guthrie v. Schweiker*, 718 F.2d 104, 108 (4th Cir. 1983) (on petition for EAJA fees the court may consider only services rendered in connection with judicial not administrative proceedings). For example, plaintiff's counsel has included a total of 2.3 hours during which at least some time was spent discussing plaintiff's bankruptcy proceedings, and such time would not be compensable under EAJA. Further, the Court agrees that the timesheets submitted do not necessarily reflect counsel's "good faith effort to exclude from [her] fee request hours that are excessive, redundant, or otherwise unnecessary . . .." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). For example, counsel has included in her fee request .2 hours spent reviewing the notice of appearance filed by defendant's counsel and .3 hours of conference with her legal assistant regarding the status of service of process, which appears to the Court to be either excessive or unnecessary hours spent.

While the Court will not engage in micromanagement of counsel's time in order to determine whether the fee request is reasonable, *Quade ex rel. Quade v. Barnhart*, 570 F. Supp.2d 1164, 1167-1168 (D. Ariz. 2008), it determines upon review that the total amount of fees requested by plaintiff's counsel includes either non-compensable or excessive hours. In light of this and the Court's determination that the amount of fees requested here is not in line with other EAJA awards entered by this Court in similar cases, defendant's motion to alter or amend is allowed. The EAJA fee award to plaintiff's counsel is hereby REDUCED by one-third, or $3,011.40, to reflect the removal

2

Case 5:12-cv-00074-BO   Document 35   Filed 07/24/14   Page 2 of 3

of non-compensable hours, time spent that the Court has deemed excessive, and to bring the award more in line with EAJA awards in similar cases.

## **CONCLUSION**

For these reasons, defendant's motion to reconsider [DE 33] is GRANTED. The Court's order of May 28, 2014, is hereby AMENDED to reflect that plaintiff's counsel is awarded attorney's fees under EAJA in the amount of $6,022.79. The expense award of $802.99 remains.

SO ORDERED.

This the 23 day of July, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE