IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-74-BO

| | |
|---|---|
| DURAND EDWARD MILES,<br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br>Defendant. | )<br>)<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 36]. For the reasons stated herein, counsel's motion is GRANTED but the total fee awarded is REDUCED.

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past due benefits paid to the plaintiff. This Court reviews the requested fee for reasonableness, and may reduce the fee if, for example, the attorney is responsible for a delay in the proceedings or the award would amount to a windfall to counsel. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002).

Plaintiff received $153,730.60 in past-due benefits and counsel requests $20,023.65 in fees. [DE 48]. This amount represents twenty-five percent of plaintiff's past due benefits, or $38,432.65, less $18,409 already received by counsel from the agency under § 206(a) for work performed before the agency. Counsel represents that she spent roughly forty-three hours working on plaintiff's case in this Court. Counsel has also presented a contingency fee agreement signed by plaintiff stating that counsel would receive twenty-five percent of any past-due award received by plaintiff. Counsel has

previously been awarded $6,022.79 in fees in this case under the Equal Access to Justice Act (EAJA).

While the contingency fee agreement is afforded significant weight, the Court must still consider whether the amount provided for is reasonable. This was a straightforward social security claim, and the past due benefits are large when compared to the amount of time counsel spent on this case, especially in light of the fact that the Commissioner moved to remand. *Gisbrecht,* 535 U.S. at 808; *see also Mudd v. Barnhart,* 418 F.3d 424, 428 (4th Cir. 2005) (lawyering skills necessary to handle case and overall complexity of the case to be considered when determining reasonableness of fee). In light of the foregoing, the Court finds that an award of the full twenty-five percent of the past due award would be unreasonable and would amount to a windfall in this instance. The Court finds that under the circumstances of this case an award of $11,591 in fees is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to §406(b)(1) is GRANTED, but the award is reduced to $30,000, less $18,409 already received by counsel from the agency under § 206(a), for a total award of $11,591. Counsel shall reimburse to plaintiff the EAJA award as it is the lesser of the two awards.

SO ORDERED.

This /6 day of December, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2